843 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 No. 87-5578.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bahram TAHERIAN, a/k/a Brian Aherian, Defendant-Appellant.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 14, 1988.
Decided March 31, 1988.
 Larry Linwell Rose, on brief, for appellant.
 Mary Stanley Feinberg, Assistant U.S. Attorney, for appellee.
 Before DONALD RUSSELL, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bahram Taherian appeals his conviction for distributing cocaine, in violation of 21 U.S.C. Sec. 841(a)(1), entered pursuant to his guilty plea to that offense. The district court sentenced Taherian to a term of imprisonment of four years, a four year special parole term, and ordered him to pay a special assessment of $50.00 on the conviction pursuant to 18 U.S.C. Sec. 3013(a)(2)(A). On appeal, Taherian's court-appointed attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion no meritorious issues exist on appeal. A copy of the Anders brief and an invitation to supply supplemental materials were provided to Taherian, who has not responded. Taherian's attorney additionally now moves to withdraw as counsel.
 
 
 2
 After an independent review of the record, we conclude that Taherian's guilty plea was knowingly and voluntarily entered, and that there was a factual basis for the plea. We find no error in the conviction for a violation of Sec. 841 or in the sentence and special assessment imposed on that conviction and accordingly affirm the judgment below.
 
 
 3
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If so requested by his client, counsel should prepare a timely petition for the writ and take the steps that are necessary to protect the rights of his client. Counsel's motion to withdraw as counsel is, therefore, denied.
 
 
 4
 Because the record and other materials before us disclose no reversible error, we dispense with oral argument and affirm the conviction.
 
 
 5
 AFFIRMED.